UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RUSSELL GAITHER, | ) | Case No.: 1:21 CV 825 |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| CLERK JOHN E. TRIPLETT, *et al.*, | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendants | ) | AND ORDER |

*Pro se* Plaintiff Russell, a prisoner in the State of Georgia, filed this *Bivens*[1] action against the Chief Judge, Magistrate Judges, and Clerk's Office personnel of the United States District Court for the Southern District of Georgia. In the Complaint, Plaintiff reproduced docket entries from an unidentified case. He does not allege any facts. He contends the Defendants violated his constitutional rights but he does not identify which rights he believes were violated. He seeks unspecified injunctive relief and monetary damages.

As an initial matter, the Northern District of Ohio is not the proper venue for this action. A civil action may be brought only in (1) a judicial district where any Defendant resides, if all Defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any Defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

As none of the Defendants reside in the State of Ohio and there are no allegations suggesting any of the events giving rise to the claims in this action occurred in Ohio, this Court is not the proper venue to assert these claims.

Title 28 U.S.C. § 1406(a) provides that an improperly venued action shall be dismissed or, if it is "in the interest of justice," be transferred to a district or division in which it could have been brought. Plaintiff did not pay the filing fee for this action or file a Motion to Proceed *In Forma Pauperis*. Furthermore, Plaintiff did not include factual allegations against the Defendants in the Complaint and did not identify the specific legal claims he intended to assert against them. He indicated only that he was bringing a civil rights action. Given these additional financial and substantive pleading deficiencies, the Court finds that it would not be in the interest of justice to transfer this matter.

Accordingly, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

August 17, 2021